

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:15cr67HSO-RHW

TRAVIS COY RAYBORN          18 U.S.C. § 922(a)6)
                            18 U.S.C. § 924(a)(1)(A)

**The Grand Jury charges:**

COUNT 1

On or about May 11, 2015, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **TRAVIS COY RAYBORN**, in connection with the acquisition of a firearm from Keesler Main Exchange, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious oral and written statement to Keesler Main Exchange, which statement was intended and likely to deceive Keesler Main Exchange, as to a fact material to the lawfulness of such sale and acquisition of the said firearm to the defendant.

In violation of Sections 922(a)(6) and 924(a)(2), Title 18, United States Code.

COUNT 2

On or about May 11, 2015, in Harrison County in the Southern Division of the Southern District of Mississippi, the defendant, **TRAVIS COY RAYBORN,** knowingly made a false statement and representation to Keesler Main Exchange, licensed under the provisions of Chapter 44 of Title 18, United States Code, with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Keesler Main Exchange.

In violation of Section 924(a)(1)(A) , Title 18, United States Code.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendant shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 924(d)(1), Title 18, United States Code, and Section 2461(c), Title 28.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

s/signature redacted
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the _6th_ day of _OCTOBER_, 2015.

UNITED STATES MAGISTRATE JUDGE